THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0277-JCC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL JAMES COOPER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 108). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant pled guilty to Possession with Intent to Distribute Methamphetamine and the Court sentenced him to 72 months of incarceration followed by five years of supervised release. (*See* Dkt. Nos. 48, 54.) Following Defendant's release from custody, the Court imposed a new 4-year term of supervision in 2023 based on violations for drug use. (*See* Dkt. No. 84 at 4.) Plaintiff now moves for early termination. (Dkt. No. 108.) In support, he cites his pro-social lifestyle, including his family commitments. (*Id.* at 1–2.) In moving for early termination, Defendant contends that he seeks to mitigate the disruption supervision has on his family commitments, including caring for his ailing mother. (*Id.* at 2.)

In general, the Court may terminate supervision after early "if it is satisfied that such

ORDER
CR17-0277-JCC
PAGE - 1

action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the kind of sentence and sentencing range established by the Sentencing Commission, and the need to avoid disparity among similarly situated defendants. *See* 18 U.S.C. § 3583(e) (referencing factors listed in 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

Here, while the Court commends Defendant for his recent performance on supervision and sympathizes with his personal circumstances, they do not presently warrant early termination. Based on the Court's discussion(s) with Defendant's United States Probation and Pretrial Services Officer, the Court concludes that, at a minimum, an additional six months of supervision is warranted. The Court encourages Defendant, during that time, to maintain his sobriety and, if practicable, seek out employment opportunities. He might then consider renewing his request for early termination

For now, though, and for the foregoing reasons, the Court DENIES Defendant's motion for early termination of supervised release (Dkt. No. 108).

So ORDERED this 11th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR17-0277-JCC
PAGE - 2